**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    v.

[2] ANDRÉS NÚÑEZ,
[3] ANA L. PIEDRAHITA,

    Defendants.

CRIM. NO. 09-221 (PG)

**OMNIBUS OPINION AND ORDER**

Pending disposition by this Court are a motion for reconsideration of order denying withdrawal of guilty plea (Docket No. 198) filed by defendant Andrés Nuñez ("Nuñez"), and a motion to withdraw plea of guilty (Docket No. 155) filed by defendant Ana L. Piedrahita ("Piedrahita"). The Government has filed oppositions to both requests. See Dockets No. 161, 199. After careful consideration, the court **DENIES** both motions.

**I.   NUÑEZ'S MOTION FOR RECONSIDERATION**

The court incorporates by reference the factual and procedural background set forth in our opinion and order of February 24, 2012. See Docket No. 196.

In his motion seeking that the court reconsiders its order denying his request to withdraw his plea of guilty, Nuñez argues that the court incorrectly found that Nuñez had not alleged any core or structural deficiencies in the proceedings under Federal Rule of Criminal Procedure 11. As in his motion to withdraw his guilty plea, Nuñez makes reference to the fact that, during the change of plea hearing, defendants objected to the statement of facts prepared by the government, and managed to strike the word "knowingly" from the phrase "knowingly failed to file operating reports." Because of said change in language, Nuñez once again asserts in his motion for reconsideration that the court should not have accepted his guilty plea. See Docket No. 198. In our prior order, this court already ruled that it perceives this argument to be unavailing and we will thus refrain from repeating ourselves herein.

Nuñez also argues once again that the change of plea transcript "reveals" that the court failed to explain to defendant the nature of the charges he was pleading to. See Docket No. 198 at page 2. After careful

review of the transcript of the plea colloquy, this court already concluded in its Opinion and Order of February 24, 2012 (Docket No. 196) that Nuñez's plea was voluntary, intelligent and knowing. Therefore, the court will not address yet again the merits of this claim.

Finally, Nuñez claims that the fact that his actions were the result of his bankruptcy attorney's advice is a legitimate defense, and that he lacked the required criminal intent. In our previous order, the court found his "advice of counsel defense" incredible and concluded that a reasonable jury could find that Nuñez had the requisite intent. This court will simply not reconsider arguments that have been presented, discussed and already rejected.

As per the foregoing, co-defendant Nuñez's motion for reconsideration (Docket No. 198) is **DENIED**.

## II. PIEDRAHITA'S MOTION TO WITHDRAW GUILTY PLEA
### A. BACKGROUND

On June 28, 2011, co-defendant Piedrahita moved to withdraw her plea of guilty to Count 1 of the Indictment entered on October 22, 2010, see Docket No. 101. In the plea agreement, Piedrahita agreed to "knowingly concealing approximately $30,000 to $69,000 in accounts receivable belonging to ALR." Docket No. 106 at 8. Based on this amount and other factors, the parties agreed to recommend a sentencing guideline calculation of 13. See id. at 3. Assuming a Criminal History Category I, this yielded a guideline imprisonment range of 12-18 months. Id. At sentencing, the plea agreement called for the parties to recommend a split sentence of imprisonment and home confinement at the lower end of the stipulated guideline range. Id.

On February 22, 2011, four months after Piedrahita pled guilty, the United States Probation Office ("USPO") disclosed a presentence investigation report ("PSR"). See Docket No. 112. According to the PSR, Piedrahita accepted responsibility as stipulated in the government's version of facts. In particular, the defendant stated that she was "repentant because if she would have been better advised by her attorney, she would have never committed the offense. She blamed her ignorance and lack of knowledge regarding the bankruptcy procedures for her involvement in the instant offense." Id. at page 16. The PSR awarded Piedrahita a three level reduction for her acceptance of responsibility. See id. The

PSR, however, was less generous with respect to the remaining guidelines computations. While the Plea Agreement called for an imprisonment range of 12-18 months, the PSR's new loss calculations called for a range of 30-37 months. Id. at 21. In addition, the PSR recommended that Piedrahita be ordered to provide one of the main creditors in the case, Filencio Valentín, with a restitution of $123,707.42. Id. at 24.

On February 25, 2011, Piedrahita's attorney, Jose Gaztambide-Aneses ("Gaztambide"), filed a motion to continue the sentencing hearing. See Docket No. 116. The stated reason for the continuance was so that Piedrahita could receive medical help for her mental and emotional disturbances. See id. On May 4, 2011, Gaztambide filed another motion requesting the continuance of the sentencing hearing asking for additional time to file objections to the PSR. See Docket No. 132. On May 31, 2011, Gaztambide filed a motion to withdraw as attorney (Docket No. 139) and on June 16, 2011, attorney Fernando Carlo ("Carlo") appeared on behalf of Piedrahita (Docket No. 143). Shortly thereafter, on June 28, 2011, Piedrahita filed the motion now before the court requesting the withdrawal of the guilty plea. See Docket No. 155.

On July 6, 2011, the USPO issued a Second Amended PSR ("Amended PSR"). The Amended PSR contained several changes, including a revised statement of defendant's acceptance of responsibility. See Docket No. 158 at page 19. As for the victims, the Amended PSR identified three additional victims/creditors who were seeking approximately $30,087.37 in restitution. Id. at 25.

**B. DISCUSSION**

Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw his or her guilty plea prior to sentencing for any "fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). The First Circuit has identified several factors to determine whether there is a "fair and just reason" to permit a withdrawal of a guilty plea, "the most significant being whether the plea was *voluntary, intelligent and knowing*, within the meaning of Rule 11." United States v. Pulido, 566 F.3d 52, 57 (1st Cir. 2009)(emphasis in original). Other factors include: (1) the plausibility and weight of the reasons offered by the defendant; (2) the timing of the request; (3) whether there is a serious claim of actual innocence; (4) whether the parties reached (or breached) a plea agreement; and (5) any

countervailing prejudice to the government if the defendant is allowed to withdraw his plea. See United States v. Sousa, 468 F.3d 42, 46 (1st Cir.2006); U.S. v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir.1997). The Court, mindful that it is the defendant who carries the burden of persuasion in showing a fair and just reason, United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996), concludes that the above factors strongly weigh towards upholding the guilty plea.

In her motion to withdraw, Piedrahita argues that the court should allow her to withdraw her plea of guilty because despite her innocence she felt pressured to plead guilty by her former counsel, atty. Gaztambide. See Docket No. 155. According to the defendant, "she reluctantly followed her lawyer´s advice," id. at page 5, "out of fear of being convicted and serving jail time." Id. As a result, Piedrahita maintains that her plea was involuntary and unintelligent.

In addition, Piedrahita contends that atty. Gaztambide had conflicting interests that had an adverse effect on his performance, in particular because he simultaneously represented the defendant and her co-defendant sister, Rosa Piedrahita ("Rosa"). Id. Despite Rosa being the "main defendant," id., the defendant complained throughout her motion that Rosa was able to negotiate a much more favorable plea agreement with the government. The defendant thus argues that her former attorney had failed to raise available defenses and to present mitigating evidence that would have resulted in a better deal for Piedrahita. According to the defendant, her former counsel's conflicting interests in defending both Ana and Rosa Piedrahita had a negative effect in the adequacy of Ana's representation. See id. at page 6-7.

Finally, in her motion, the defendant denies any involvement in the conspiracy she was accused of.

The government opposed Piedrahita's motion to withdraw her guilty plea arguing that the defendant had failed to establish how the alleged conflict rendered her plea involuntary or unknowing. See Docket No. 161. Firstly, the government made reference to the PSR wherein it states that Piedrahita accepted responsibility as stated in the government's version of facts and expressed her repentance, without mentioning that she felt pressured to plead guilty or proclaiming her innocence during her interview with the USPO. See Docket No. 161 at page 2-3. Moreover, the

government also made reference to the fact that she initialed every page of the plea agreement and was put on notice that receiving a higher sentence up to the statutory maximum would not "for that reason alone" allow defendant to withdraw her guilty plea change. See Docket No. 106 at page 4. Additionally, the government contends that the fact that she expressed satisfaction with attorney Gaztambide's legal assistance in the plea agreement she signed, see Docket No. 106 at page 4, detracts from the credibility of her argument that she reluctantly followed his pressure to plead guilty. Finally, the government alludes to the change of plea hearing where the defendant pled guilty to Count I of the Indictment and admitted responsibility for the statement of facts proffered by the United States. See id. at page 6.

In our opinion and order of February 24, 2012 denying co-defendant Nuñez's motion to withdraw his guilty plea, this court set forth the relevant portion of the plea colloquy wherefrom it could be gleaned that none of the defendants asserted that they felt threatened or forced to plead guilty to Count I of the indictment. See Docket No. 24 at page 5. Therein, the court also noted that during the change of plea hearing, the court explained in detail, to the acknowledgment of all defendants, the consequences of entering a guilty plea to Count I of the indictment. Id. "The transcript corroborates that Defendant understood the charges against [her] and the spectrum of possible penalties to which [her] admission of guilt exposed [her]." U.S. v. Cedeno, 559 F.Supp.2d 160, 164 (D.P.R. 2008) (quoting United States v. Jimenez, 512 F.3d 1, 4 (1st Cir.2007) (holding that a defendant's acknowledgment, during a change-of-plea proceeding, that he understands a lucid explanation of his potential sentencing exposure is powerful evidence of the knowing nature of his guilty plea.)). Therefore, for the same reasons this court found co-defendant Nuñez's plea of guilty voluntary, intelligent and knowing, we find that Piedrahita's plea was so as well, in compliance with Rule 11 of the Federal Rules of Criminal Procedure.

As to the defendant's contention that her former attorney's conflict of interest prevented her from entering a voluntary and intelligent plea, the government argues that in the case at hand an

adequate Foster[1] hearing took place before Magistrate Judge Marcos E. Lopez on November 9, 2009 where the defendant was apprised of the issues that may arise as a result of joint representation. See Docket No. 161 at page 2. However, despite the warnings, both Ana and Rosa Piedrahita reiterated their wish to be represented by the same counsel. Id.; see also Dockets No. 25-26. In addition, the government points out that the alleged conflict of interests basically consists in her dissatisfaction with the fact that Rosa obtained a better plea deal with the government. See id. at page 8. Therefore, the defendant has failed to establish her burden of persuasion.

"[I]f the record shows a satisfactory Foster hearing, the [defendant] bears the burden of "establish[ing] that an actual conflict of interest adversely affected his lawyer's performance."" U.S. v. Coneo-Guerrero, 148 F.3d 44, 47 (1st Cir.1998) (citing Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)). The defendant here has neither complained that the Foster hearing was unsatisfactory or specified the actual conflict that negatively affected his performance. The defendant merely asserts, without more, that the evidence in the case prevented attorney Gaztambide from simultaneously representing both Ana and Rosa in a loyal and effective manner. Evidence of said conflict, according to the defendant, is the fact that although Rosa had a more active role in the alleged conspiracy, the latter received a more favorable plea agreement. However, the defendant's hypotheses are not evidence of an actual conflict, see Coneo-Guerrero, 148 F.3d at 49; and thus, the court will disregard her claim as without merit.

Finally, as to the defendant's assertion of innocence, the government claims that the delay in filing her motion to withdraw undercuts the credibility of her claim of innocence, particularly considering the motion was filed when it became obvious that a favorable PSR would not be forthcoming. See Docket No. 161 at page 10. In addition, the government argues that the defendant has failed to raise a serious claim of innocence. See id. at page 11.

First of all, Piedrahita's claim of innocence flies in the face of her admission to the contrary during the plea hearing. See Cedeno, 559

---

[1] See United States v. Foster, 469 F.2d 1 (1st Cir.1972).

F.Supp.2d at 165 ("[t]he Court will take into consideration that Defendant asserted his innocence, however, said factor will be weighed in light of Defendant's … admissions made during the Rule 11 change of plea colloquy"). Second, the defendant presents no evidence in support of her claim of innocence. In her motion to withdraw her guilty plea, the defendant simply states, without more, that "she has always maintained her innocence of the charges filed against her." See Docket No. 155 at page 5. "However, a blanket claim of innocence does not mandate the court to allow a defendant to withdraw his plea. … The claim must be supported by credible evidence." U.S. v. Gomez-Orozco, 188 F.3d 422, 425 (7th Cir.1999) (citing United States v. Groll, 992 F.2d 755, 758 (7th Cir.1993)). The factors a court must consider include "whether there is a serious claim of actual innocence … ," Isom, 580 F.3d at 52 (emphasis ours), and defendant's plain and unsupported claim falls short of the mark.

Finally, the Court must also consider the timing of the motion. The court finds, however, that if defendant had truly believed she was innocent, she would not have waited until eight months after her plea to seek its vacatur. See id. at 50. In the case at hand, Piedrahita's attempt to vacate her guilty plea eight months after the fact and on the eve of the sentencing hearing actually weighs against her. Because "the combined weight of these factors go against Defendant's request we need not consider whether the Government suffered any prejudice." Cedeno, 559 F.Supp.2d at 165-166.

In light of the above, the court hereby **DENIES** Piedrahita's motion to withdraw her plea of guilty (Docket No. 155).

### III. CONCLUSION

For the foregoing reasons, Núñez's motion for reconsideration (Docket No. 198) and Piedrahita's motion to withdraw plea of guilty (Docket No. 155) are **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 30, 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**